UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:06-CR-19 |
| | ) | |
| JIMMY E. SPRAGUE | ) | |

**O R D E R**

This criminal matter is before the Court to consider the Report and Recommendation of the United States Magistrate Judge dated October 18, 2006. In that Report and Recommendation, the Magistrate Judge recommends that the defendant's motion to suppress evidence obtained as a result of the execution of a search warrant at his residence be denied. The defendant has filed objections to this recommendation. [Doc. 69]. After careful and *de novo* consideration of the record as a whole, including the transcript of the hearing on October 4, 2006, the Court adopts the factual findings set out in the Magistrate Judge's Report and Recommendation.

The defendant raises four primary challenges to the conclusions of the

1

Magistrate Judge and the legality of the August 19, 2005, search: 1) the warrant was obtained illegally pursuant to *Franks v. Delaware*, 2) officers had illegally entered Sprague's apartment without a warrant prior to the execution of the search warrant, 3) the officers true motive in obtaining the search warrant was to seek evidence of child pornography offenses (not violation of the SOR Act and aggravated perjury), and 4) the warrant was too general in scope. The Magistrate Judge thoroughly and carefully dealt with these issues and further analysis by this Court is unnecessary; however, the defendant has made certain factual allegations which will be discussed briefly.

In his objections, the defendant alleges that Detective Atkins in her August 19, 2005, affidavit in support of the search warrant made material misrepresentations rendering the search warrant illegal pursuant to the Supreme Court's holding in *Franks v. Delaware*. The defendant identifies as "a key issue" the question of whether 1436 Prospect Drive, where the search occurred, was his "primary residence" as alleged in Detective Atkins' affidavit.

As a preliminary matter, the affidavit, rather than alleging that 1436 Prospect Drive is Sprague's primary residence, states that Sprague "resides in or occupies and is in possession of" the premises. The affidavit further states that the items sought are commonly maintained by residents "at their primary or secondary

residence." Also, contrary to defendant's assertions in his objections, Detective Atkins did not testify at the suppression hearing that the question of whether this was Sprague's primary residence was significant because the items sought would likely be at a citizen's primary residence. Her actual testimony in response to defense counsel's questions about whether the items were "more likely to be at someone's primary residence" was: "Primary or secondary." (Tr., Oct. 4, 2006, p. 90, ll 8-17) [1]

Read as a whole, the affidavit clearly establishes that Detective Atkins alleged in her affidavit that 1436 Prospect Drive was in the possession of Jimmy Sprague and was resided in or occupied by him as a primary or secondary residence, an assertion completely supported by the evidence. There was no material misrepresentation in that respect.

In any event, the documentary evidence in the case is overwhelming

---

[1] It should also be noted that defendant misstates and/or misrepresents other testimony as well. Contrary to the defendant's assertion that "[t]he only possible conclusion is that Diane Burkhart told Atkins what Burkhart reluctantly testified to at the suppression hearing, i.e. that there was no way Burkhart would have told Atkins that Burkhart had confirmed that the apartment was still Sprague's primary residence", Burkhart actually testified as follows:

> Q. Okay. You did not tell her, certainly, based on your observations, that it was Mr. Sprague's primary residence, did you?
>
> A. I told her that was his residence, that – I would say it was his primary. I didn't tell her that I don't guess, but I – that's his residence, yes.

3

that 1436 Prospect Drive was Sprague's primary address. On August 19, 2005, or the same day as the search, the defendant verified under penalty of perjury on his Tennessee Sexual Offender/Violent Sexual Offender/Registration/ Verification /Tracking Form that his "Primary Address" was 1436 Prospect Drive. In fact, from June 28, 1999 through September 6, 2005, the defendant reported his address was 1436 Prospect Drive each time when he submitted his forms, which were required every three months.

The defendant also contends that there was some improper motive by Detective Adkins because she did not inform the state judge that she had been to the grand jury two days earlier to present the charges which were the subject of the August 19, 2005 search warrant and that an indictment had been returned. However, she testified that at the time she wrote out her affidavit she had not been notified of the indictment. In any event, the defendant cites no authority for the proposition that a post-indictment search warrant is impermissible or improper.

Based upon the testimony at the suppression hearing, the exhibits, and the record as a whole, the Court likewise does not find that the record supports the defendant's contention that there was a private search and prior warrantless searches or that it was the officers' intention during the August 19, 2005 search to search for child pornography. Therefore, these objections are without merit as

4

well.

This Court FINDS that the state judge who issued the search August 19, 2005 search warrant had a substantial basis for finding there was a fair probability that evidence of criminal activity would be found at the defendant's residence, and that there is no evidence that the state judge arbitrarily exercised his discretion in issuing this search warrant. The defendant also argues that the December 2005 search warrant was based on the illegally seized evidence from August of 2005, therefore, the evidence obtained from the December 2005 search should also be suppressed. However, because this Court FINDS that the August 19, 2005 search warrant was legal, the December 2005 search was also proper.

The Court FINDS that there was probable cause for the issuance of both search warrants and that the preponderance of the evidence indicates that there were no material misstatements of facts, or withholding of material facts. The Court also FINDS that August 19, 2005 warrant was not "general" and the search was not overly broad or for an undisclosed purpose.

## CONCLUSION

Accordingly, after careful consideration of the Report and Recommendation of the United States Magistrate Judge, and for the reasons set out in that Report and Recommendation which are incorporated by reference herein,

it is hereby **ORDERED** that the defendant's objections are **OVERRULED**, that this Report and Recommendation is **ADOPTED** and **APPROVED**, [Doc. 65], and that the defendant's motion to suppress is **DENIED.** [Doc. 14].

E N T E R:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE